AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Southern District of Indiana

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No: 3:21-cr-00006-RLY-CSW-1 |
| Omaree Shay Roby | ) | |
| | ) | USM No: 35046-509 |
| Date of Original Judgment: 11/17/2022 | ) | |
| Date of Previous Amended Judgment: | ) | Pro se |
| *(Use Date of Last Amended Judgment if Any)* | | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED.**

Order Date: 04/02/2025

*Judge's signature*

Effective Date: _____
*(if different from order date)*

RICHARD L. YOUNG, U.S. District Judge
*Printed name and title*

A CERTIFIED TRUE COPY
Kristine L. Seufert
U.S. District Court
Southern District of Indiana
By Nina M. Dale
Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:21-cr-00006-RLY-CSW |
| | ) | |
| OMAREE SHAY ROBY, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**ENTRY DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION**

Defendant Omaree Shay Roby moves to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the U.S. Sentencing Guidelines ("U.S.S.G."). (Filing No. 40). For the reasons set forth below, the court **DENIES** Roby's motion.

**I.     Background**

In 2022, Roby pleaded guilty to carjacking (Count 1) and using a firearm during and in relation to a crime of violence (Count 2). (Filing No. 35, Judgment at 1). Count 2 was excluded from the offense level calculation because it required the imposition of a mandatory consecutive sentence. (Filing No. 32, Presentence Report ¶ 20). But with respect to Count 1, Roby was assessed an offense level of 21. (*Id.* ¶ 30). He received a subtotal criminal history score of 11. (*Id.* ¶ 37). He received two additional criminal history points for committing the instant offense while under a criminal justice sentence imposed in Wisconsin, making his total criminal history score 13. (*Id.* ¶¶ 38–39). This score placed him in criminal history category VI. (*Id.* ¶ 39).

1

Roby's guidelines range for Count 1 was therefore 77 to 96 months. (*Id.* ¶ 79). The advisory guidelines range for Count 2 was the minimum required by statute—120 months. (*Id.* ¶ 80). The court ultimately sentenced Roby to 60 months on Count 1 and 120 months on Count 2, to be served consecutively, for a total of 180 months' imprisonment. (Judgment at 2).

**II.   Legal Standard**

The court may modify an imposed sentence of imprisonment under 18 U.S.C. § 3582(c)(2) to reflect changes in the Sentencing Guidelines where authorized by policy statements from the Sentencing Commission. The policy statement at U.S.S.G. § 1B1.10 provides that the court "may reduce" a defendant's sentence to reflect certain amendments to the Sentencing Guidelines, including Amendment 821. If a sentence reduction is consistent with U.S.S.G. § 1B1.10, the court considers the sentencing factors set forth in 18 U.S.C. § 3553(a) in deciding whether and how to reduce a sentence. *Dillon v. United States*, 560 U.S. 817, 826–28 (2010); 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10, cmt. n.1(B).

**III.  Discussion**

Roby argues he is entitled to a sentence reduction under Part A of Amendment 821, which limits the overall impact of "status points" on certain offenders' criminal histories. U.S.S.G. § 4A1.1(e). Specifically, Part A reduces the number of status points assessed to a defendant who committed the offense while under a criminal justice sentence from two points to either one point (if the defendant received seven or more

2

criminal history points) or zero points (if the defendant received six or fewer criminal history points). *Id.*

Roby originally received two status points. (Presentence Report ¶ 38). Because he had a subtotal criminal history score of 11, he would now receive one status point pursuant to Part A, making his total criminal history score 12. (*Id.* ¶ 37); U.S.S.G. § 4A1.1(e). This score would reduce his criminal history category from VI to V, making his amended guidelines range for Count 1 70 to 87 months. *See* U.S.S.G. ch. 5, pt. A, introductory cmt. (Sentencing Table). But the court already sentenced Roby to a term of imprisonment (60 months) on Count 1 that is below this amended range. Under § 3582(c)(2), the court cannot reduce a defendant's sentence to a term of imprisonment "that is less than the minimum of the amended guidelines range."[1] U.S.S.G. § 1B1.10(b)(2)(A); *United States v. Davis*, 669 F. App'x 785, 787 (7th Cir. 2016) (noting "courts have no authority to dip below the sentencing range when imposing a new sentence under § 3582(c)(2)"). The court therefore cannot reduce Roby's sentence.

Roby also argues his sentence should be reduced because he was given criminal history points for crimes committed when he was a teenager. As explained above, a sentence reduction is not allowed under § 3582(c)(2), so the court cannot consider any additional factors, such as Roby's history and characteristics, in deciding his motion. *See Dillon*, 560 U.S. at 826–27. In addition, to the extent Roby asks the court to change his criminal history point total, the court cannot do so. Section 3582(c)(2) "does not

---

[1] The only exception to this is when the defendant provides "substantial assistance to authorities." U.S.S.G. § 1B1.10(b)(2)(B). This exception is inapplicable here.

3

authorize a [full] resentencing" and only "permits a sentence reduction within the narrow bounds established by the [Sentencing] Commission." *Id.* at 831. In determining whether a sentence reduction is appropriate under § 3582(c)(2), the court considers whether an amendment, such as Amendment 821, affects the defendant's applicable guidelines range, without changing *any* other guidelines calculation made at the time of sentencing. U.S.S.G. § 1B1.10(b) (requiring the court to consider only the impact of certain amendments on the defendant's guidelines range and to "leave all other guideline application decisions unaffected"). The court therefore cannot change the calculation of Roby's criminal history points on a § 3582(c)(2) motion. *See id.*; *Dillon*, 560 U.S. at 831 (explaining that correcting sentencing mistakes unrelated to a guidelines amendment is "outside the scope" of § 3582(c)(2)).

### IV. Conclusion

Roby's Motion for Sentence Reduction (Filing No. 40) is **DENIED**. Roby's sentence remains as imposed at sentencing.

**IT IS SO ORDERED** this 2nd day of April 2025.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

4

Distribution:

Electronically to Registered Counsel of Record.

Mail to:
Omaree Shay Roby
35046-509
USP Coleman I
U.S. Penitentiary
P.O. Box 1033
Coleman, FL 33521